IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CUSTIS COLBERT, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-13-1096 |
| vs. | : |
| | : (Judge Caldwell) |
| AGENT EBONY ANDERSON, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

Plaintiff, Custis Colbert, proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983. Named as defendants are the Pennsylvania Board of Probation and Parole (the Board) and Agent Ebony Anderson. (Doc. 1, Compl.) Colbert filed this action alleging that after his release from prison he was unconstitutionally placed in an in-patient drug treatment program rather than in the mental-health facility required as a condition of his parole. As relief, Colbert seeks "2.5 million dollars" in compensatory damages and "proper mental health treatment." (*Id.*)[1]

Presently before the court is the defendants' motion to dismiss (Doc. 12) for failure to state a claim upon which relief can be granted. Plaintiff also has two motions pending. The first motion (Doc. 15) seeks a subpoena so he may access his parole file, and the second motion (Doc. 18) is a "motion to amend evidence" seeking to add a series

---

[1] Colbert was placed at the Gaudenzia treatment center but is not presently incarcerated or otherwise in custody. He is currently living in Reading, Pennsylvania. (Doc. 20, Notice Change of Address).

of exhibits to his complaint.[2]

For the reasons that follow, the court will grant the defendants' motion to dismiss and deny Plaintiff's motions.

II.   *Standard of Review*

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  A court considering a motion to dismiss under Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014)(internal quotations omitted).  Dismissal is appropriate where the plaintiff has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  A complaint satisfies the plausibility standard when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, "exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's

---

[2] Colbert also filed an amended complaint (Doc. 16).  As the proposed amended complaint was filed more than twenty-one days after service of defendants' Rule 12(b) motion, Colbert cannot amend his complaint without defendants' consent or leave of court.  *See* Fed. R. Civ. P. 15(a).  For the reasons discussed *infra*, even if Colbert had sought approval for the amended complaint, it would have been denied as futile.

claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)(citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Additionally, pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile *See Connelly,* 706 F.3d at 217 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)). However, dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice or futility. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). Thus, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

With this standard in mind, we set forth the background to this litigation, as Plaintiff alleges it.

III.     *Background*

On July 25, 2012, the Board granted Colbert parole to a community treatment center that had a mental-health program. (Doc. 1, Compl.) On September 17, 2012, Colbert was placed in a drug rehabilitation program rather than in a mental-health program. Plaintiff alleges Agent Ebony Anderson "forced" him "into a new contract by using the threat

of imprisonment" if he failed to sign.  (*Id.*)  From September 17, 2012, through October 13, 2012, Colbert's medication was increased because of his increased feelings of stress due to "being in a hostile environment."  (*Id.*)

IV.	*Discussion*

>	A.	*The Board is not a "Person" for the Purpose of a § 1983 Action*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

The Commonwealth of Pennsylvania and its agencies are not "persons" for the purpose of a § 1983 action.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012)(nonprecedential).  Accordingly, Colbert's claims against the Board will be dismissed as it is not a "person" amenable to suit under 42 U.S.C. § 1983.

>	B.	*Plaintiff Fails to State a Claim Against Agent Anderson for which Relief May be Granted*

As noted above, to state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).  Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85, 122

S.Ct. 2268, 2276, 153 L.Ed.2d 309 (2002).

In his opposition brief, Plaintiff contends his Eighth Amendment rights were violated by being placed in an improper medical setting.  This appears to be an Eighth Amendment medical claim.  On such a claim, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  *Natale v. Camden City. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known.  *See Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).  "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."  *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).  Accordingly, absent a belief or actual knowledge that medical personnel mistreated or failed to treat a prisoner, the non-medical defendants cannot be charged with the Eighth Amendment scienter requirement of deliberate indifference.  *Id.*

Additionally, a section 1983 claim cannot be premised on a theory of *respondeat superior.*  In order to establish liability for deprivation of a constitutional right, a party must show the personal involvement of each defendant.  *Iqbal*, 556 U.S. at 676, 129

S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011).  This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations").  A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

In the present case, Colbert seeks to hold Agent Anderson responsible for placing him in what is primarily a drug treatment program, Gaudenzia Common Ground, rather than in a mental-health facility as directed by the terms of the Board's July 25, 2012, Notice of Board Decision.  He also attempts to hold her responsible for failing to remove him from the alleged inappropriate placement once alerted to the fact.  Colbert further argues Agent Anderson forced him to accept the inappropriate placement or return to prison.  (Doc. 14, Pl.'s Opp'n Br.)  As a result of this improper placement Colbert's "medication was increase[d] d[ue] to added stress from being in a hostile environment." (Doc. 1, ECF p. 2).

Broadly interpreting these allegations, the court construes Colbert's

Complaint as asserting an Eighth Amendment, denial of adequate mental health care, claim against Agent Anderson.

As defendants correctly point out, Colbert has not alleged that Agent Anderson had any control over selecting or directing his placement at the Gaudenzia Common Grounds facility, or any role in providing or denying him mental-health care while at that facility. Moreover, Colbert fails to allege that Agent Anderson had any reason to believe that his mental health needs were not being adequately addressed by those running the program. Colbert's own statements that his medication was adjusted, albeit increased, during his stay at the Gaudenzia program belies any notion that his mental-health needs were not being addressed by medical professionals at the facility. Based on these allegations, Colbert fails to state an Eighth Amendment, or other constitutional tort claim, against Agent Anderson.

Further, to the extent that Colbert argues that his placement in the Gaudenzia Common Ground program itself violated his "contract" or the Board's conditions of his parole, he again fails to suggest Agent Anderson's role in his placement.

Additionally, Plaintiff fails to allege that the terms of hi parole were violated as a result of his placement in the Gaudenzia program rather than in another in-patient mental health facility. (Doc. 14, Pl.'s Opp'n Br.) Colbert clearly states that one of his four conditions of parole was that he be "reparoled to a community corrections residency *with a mental health component*". (*Id.*, ECF p. 2)(emphasis added). Other conditions of his release required him to be evaluated for drug/alcohol treatment services, and that if such treatment was recommended, that he "must enroll and successfully complete" such programming. (*Id.*) The court takes judicial notice of the mission statement of Gaudenzia,

available at www.gaudenzia.org, "Gaudenzia helps people affected by chemical dependency, mental illness and related conditions to achieve a better quality of life – allowing them to live as productive and accountable individuals."  Thus it would appear that the Gaudenzia program does comply with the Board's July 25, 2012, conditions of parole, i.e. that Colbert be placed in a community residency program with a mental health component.  The fact that it was not a in-patient intensive mental health program as he perhaps desired, does not violate Colbert's terms of parole or his constitutional rights.

Based on the above information, defendants' motion to dismiss will be granted.  Additionally, Colbert's amended complaint would have been futile as the complaint sought to add Agent Anderson's supervisor as a defendant and Plaintiff has failed to assert an underlying constitutional right that was violated by any individual.  Plaintiff's motion for a subpoena for his parole file for the time he was housed at the Gaudenzia program will also be denied as moot.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 25, 2014